**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DIRECTV Incorporated, | No. CV-09-00379-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Eagle West Communications Incorporated, et al., | |
| Defendants. | |

Pending before the Court are: (1) Defendants Paul and Terri LaBarre's "Motion to Reconsider" (Doc. 209), (2) Motion to Stay Order Dated October 30, 2014 (Doc. 210), and (3) "Motion to Proceed Pro Se Counsel" (Doc. 208). The Court now rules on the motions.

**I.     Motion for Reconsideration**

On October 30, 2014, the Court granted Plaintiff DIRECTV, LLC's ("DIRECTV") motion for an award of attorneys' fees and costs. (Doc. 207). The Court awarded DIRECTV the full amount of fees requested, finding Defendants Paul and Terri LaBarre (collectively, the "LaBarres") did not dispute the facts supporting the motion and DIRECTV was entitled to the requested fees as a matter of law. (*Id.*) Significantly, the Court found that DIRECTV's attorneys' fees were not facially unreasonable; the LaBarres were contractually obligated to reimburse DIRECTV for attorney's fees incurred in collecting from other Defendants or third parties; DIRECTV did not interfere with the LaBarres' attempts to pay their debt; and that DIRECTV's claimed attorneys'

fees were reasonable. (*Id.*)

The LaBarres seek reconsideration of this Court's Order granting attorneys' fees and related non-taxable expenses to DIRECTV. (Doc. 209 at 1). The LaBarres filed this motion on December 2, 2014, thirty-three days after the Court issued its Order. (Doc. 207). The Court interprets this "Motion to Reconsider" as a motion for reconsideration. Although the local rules permit motions for reconsideration, this motion for reconsideration is untimely due to being submitted after fourteen days and because the LaBarres do not argue any good cause. LRCiv 7.2(g)(2). Ordinarily, the Court treats motions for reconsideration relating to a judgment as being made under Federal Rule of Civil Procedure ("Rule") 59(e). However, under Rule 59(e), the motion is untimely. Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," while this motion was filed thirty-three days after judgment. Therefore, the Court interprets this motion under Rule 60(b). *See, e.g.*, *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1463 n.35 (9th Cir. 1992) (interpreting an untimely Rule 59(e) motion for reconsideration as a Rule 60(b) motion).

"A motion under Rule 60(b)[(1)–(3)] must be made within a reasonable time . . . and . . . no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). "What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Here, the LaBarres filed the Rule 60(b) motion thirty-three days after entry of judgment. The LaBarres are apparently not being assisted by counsel, as the LaBarres wrote the motion themselves. (Doc. 209 at 1). In light of these facts, the motion was made within a reasonable time.

Rule 60(b) provides relief from a final judgment "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' . . . ." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). "A

party seeking relief from the judgment has the burden of demonstrating such relief is appropriate." *Bailey v. United States*, 250 F.R.D. 446, 448 (D. Ariz. 2008). The LaBarres bring this motion to "correct manifest errors of law and fact and to present newly discovered evidence." (Doc. 209 at 10). Within Rule 60(b), the LaBarres appear to be arguing that they are entitled to relief because of newly discovered evidence and a mistake by the Court. (*Id.*)

### A. Rule 60(b)(2)– Newly Discovered Evidence

The LaBarres contend that they should be relieved from the judgment of attorneys' fees due to newly discovered evidence. (Doc. 209 at 10).

Rule 60(b)(2) provides for relief from a final judgment when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Newly discovered evidence: 1) must be newly discovered since trial, 2) must be diligently discovered by the moving party, 3) must not be merely cumulative or impeaching, 4) must be material, and 5) must show that in view of this new evidence, a new trial would probably produce a different result. Federal Practice & Procedure, CIVIL RULES: 2014 Quick Reference Guide, Vol. 12B, at 1006 (2014) (internal footnotes omitted). "Implicit in these elements is the recognition that the evidence must be evidence of facts that were in existence at the time of trial (though not discovered until after trial). . . . These requirements are strictly enforced. If the movant fails to meet *any* of these prerequisites, the Rule 60(b)(2) motion may be denied." *Id.*

Here, the LaBarres proffer four new declarations[1] and supporting documentation as evidence in support of their motion.[2] (Doc. 209 at 6, 7, 9). However, the LaBarres fail

---

[1] These declarations are titled "Declaration of Ernest G McKay," "Declaration of Donna Dawson," "Declaration of Tamara J. Hunt," and "Declaration of Bruce Jackson." (Doc. 209 at 6, 7, 9).

[2] The LaBarres attach to their motion for reconsideration two declarations, both not dated, nor signed. They are titled "Declaration of Antonn F. Muhammad" and "Declaration of Paul D.H. LaBarre." (Doc. 209 at 5). Due to the declarations not being signed, they are not admissible and the Court does not consider them. *See* 28 U.S.C. § 1746.

- 3 -

to show that this evidence could not have, with reasonable diligence, been discovered before judgment. *See Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir. 1986) (denying a Rule 60(b)(2) motion where moving party failed to explain why evidence could not have appeared before judgment). Furthermore, the LaBarres fail to show that the new evidence would produce a different result. *See Venture Indus. Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322, 1329–31 (Fed. Cir. 2006) (denying a Rule 60(b) motion when defendant failed to show how new evidence would have produced a different result). Therefore, the LaBarres have failed to meet the standard required for relief under this rule.

### B. Rule 60(b)(1)– Mistake, Inadvertence, Surprise, or Excusable Neglect

The LaBarres contend that they should be relieved from the judgment awarding attorneys' fees due to "manifest errors of law and fact." (Doc. 209 at 10). The Court interprets this statement as an assertion of a mistake by the Court in both fact and law.

Rule 60(b)(1) provides that "[o]n motion . . . the court may relieve a party . . . from a final judgment . . . for . . . . mistake, inadvertence, surprise, or excusable neglect . . . ." This rule "permits a court to correct its own inadvertence, mistakes of fact, or mistakes of law. However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs." *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009) (internal citations omitted).

The LaBarres contend that the Court erred by stating in its Order that the "LaBarres offer no controverting evidence." (Doc. 209 at 9). They then state that "[t]he Court should not have assumed anything as there were many points in dispute." (*Id.*) In order to show a dispute of fact, the LaBarres had to attach evidence to their response. They failed to do so. Therefore, the Court properly found no controverting evidence to the facts proffered by DIRECTV.

The LaBarres next contend that the Court should have held an evidentiary hearing on DIRECTV's motion. (Doc. 209 at 10). Local Rule of Civil Procedure ("Local Rule")

54.2(h) states that "[t]he court in its discretion or upon motion may set an evidentiary hearing on a motion for award of attorney's fees and related non-taxable expenses to resolve serious disputes involving material issues of fact that compromise the award." The LaBarres provide no citations to authorities supporting the contention that an evidentiary hearing should have been held. If the LaBarres are arguing that an evidentiary hearing should have been held as stated in Local Rule 54.2(h), they would be incorrect. Because there was no factual dispute involving material issues of fact, the Court did not set an evidentiary hearing.

Based on the foregoing, the Court will deny the motion.[3]

## II.  Motion to Stay Order

The LaBarres seek to stay the Court's prior Order pending the Court's ruling on their motion for reconsideration. (Doc. 210). Because the Court now denies the motion for reconsideration, the motion to stay is moot.

## III.  Motion to Proceed Pro Se Counsel

Finally, Paul LaBarre seeks to represent himself in this case through a "Motion to Proceed Pro Se Counsel." (Doc. 208).

The Federal Rules of Civil Procedure do not permit such a motion. *See generally*, Fed. R. Civ. P. Rather, according to the Local Rules of Civil Procedure, an "attorney of record shall be deemed responsible as attorney of record in all matters before and after judgment until . . . there has been a formal withdrawal from or substitution in the case." LRCiv 83.3(a). Furthermore, "[n]o attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court, supported by a written application setting forth the reasons therefor . . . ." LRCiv 83.3(b). While the LaBarres' attorney, Gregory Robinson, formally withdrew

---

[3] The LaBarres additionally argue that "if the court decided that DIRECTV deserves any attorney fees that should be applied to all of the Defendants involved in the Settlement Agreement with DIRECTV and not just the LaBarres." (Doc. 209 at 11). The LaBarres offer no reason the Court should do this. Furthermore, the Court ordered the attorneys' fees and costs against the LaBarres "jointly and severally." (Doc. 207 at 13:24–25).

- 5 -

earlier in the case, (Doc. 173), he later reappeared as counsel for the LaBarres. (Doc. 199). Thus, Gregory Robinson remains Paul LaBarre's attorney until he withdraws.[4]

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the LaBarres' "Motion to Reconsider" (Doc. 209) is denied.

**IT IS FURTHER ORDERED** that the LaBarres' "Motion to Stay Order Dated October 30, 2014" (Doc. 210) is denied as moot.

**IT IS FURTHER ORDERED** that Paul LaBarres' "Motion to Proceed Pro Se Counsel" (Doc. 208) is denied.

Dated this 22nd day of January, 2015.

*James A. Teilborg*
Senior United States District Judge

**COPY TO:**

Paul LaBarre
3177 E. Redfield Rd.
Gilbert, Arizona 85234

---

[4] If Gregory Robinson withdraws, he should make clear whether he will still represent Terri LaBarre.