**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DIRECTV Incorporated,<br><br>              Plaintiff,<br><br>v.<br><br>Eagle West Communications Incorporated, et al.,<br><br>              Defendants. | No. CV-09-00379-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the motion of Farley, Robinson, and Larson to withdraw as counsel for Defendants Paul LaBarre and Terri LaBarre (Doc. 218). Also pending is Paul LaBarre and Terri LaBarre's (collectively, the "LaBarres") motion for reconsideration (Doc. 224). The Court now rules on the motions.

**I.      Motion to Withdraw as Counsel**

Paul LaBarre filed a motion to "proceed pro se" on December 2, 2014, which the Court denied as an improper motion. (Doc. 215). The Court pointed out that withdrawal of counsel must be done by counsel's motion pursuant to the Local Rules of Civil Procedure. Thereafter, the LaBarres filed a notice of their election to proceed pro se, and the Clerk of the Court terminated the LaBarres' counsel from the Court's CM/ECF system. Counsel has since filed a motion to withdraw, which the Court will grant.

**II.     Motion for Reconsideration**

The LaBarres have filed a motion for reconsideration asking the Court to reconsider its October 30, 2014 order in which the Court awarded Plaintiff attorneys' fees

and non-taxable costs pursuant to a contract between the parties. (Doc. 224 at 1; Doc. 207). This motion for reconsideration is a duplicate of the motion for reconsideration that the LaBarres previously filed on December 2, 2014 (Doc. 209). The Court issued an order on January 22, 2015 denying that motion for reconsideration and explaining why the LaBarres' arguments were unpersuasive. (Doc. 215). Because the LaBarres now repeat these arguments and have not presented any additional evidence or argument, the Court finds that the LaBarres have failed to show entitlement to relief under Federal Rule of Civil Procedure ("Rule") 60. *See* (Doc. 215).

The Court also notes that the LaBarres have filed a notice of appeal from the Court's order awarding Plaintiff its attorneys' fees and costs. (Doc. 217). This action divested the Court of jurisdiction "over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). However, Rule 62.1 permits the Court to treat the LaBarres' motion as a request for an indicative ruling: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a); *see also Braun-Salinas v. Am. Family Ins. Grp.*, 2015 WL 128040, at *2 (D. Or. Jan. 8, 2015) (applying Rule 62.1 to a motion for reconsideration filed after a notice of appeal).

Because the Court concludes that the LaBarres' motion for reconsideration is without merit, the Court will deny the motion pursuant to Rule 62.1(a)(2).

**III. Conclusion**

For the foregoing reasons,

/

/

/

/

**IT IS ORDERED** granting Farley, Robinson, and Larson's motion to withdraw as counsel for the LaBarres (Doc. 218) and allowing Gregory A. Robinson and his firm to withdraw as attorneys of record for Defendants Paul LaBarre and Terri LaBarre.

**IT IS FURTHER ORDERED** denying the LaBarres' motion for reconsideration (Doc. 224).

Dated this 6th day of April, 2015.

James A. Teilborg
Senior United States District Judge